UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOPHOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RPOST HOLDINGS, INC. and <br> RPOST COMMUNICATIONS LTD., <br><br> Defendants. | Civil Action No. 13-12856-DJC |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   May 30, 2014

## I.   Introduction

Sophos, Inc. ("Sophos") has filed this lawsuit against RPost Holdings, Inc. ("RPH") and RPost Communications Ltd. ("RPC") (collectively "Defendants")[1] seeking a declaratory judgment that Sophos has not and is not infringing Defendants' patents and that Defendants' patents are invalid.  D. 1.  Defendants have moved to transfer this action to the Eastern District of Texas.  D. 24, 34.  For the following reasons, the Court DENIES Defendants' motions to transfer.

## II.   Standard of Review

A district court may, in its discretion, transfer a civil action to any other district where it might have been brought.  28 U.S.C. § 1404(a).  The burden is on the moving party to show that transfer is warranted.  Shipley Co., Inc. v. Clark, 728 F. Supp. 818, 823 (D. Mass. 1990).  In

---

[1] RPost International Ltd. ("RPI") was voluntarily dismissed from this action on May 9, 2014.  D. 48.

1

considering whether to grant a motion to transfer venue, a district court should consider "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." F.A.I. Elec. Corp. v. Chambers, 944 F. Supp. 77, 80–81 (D. Mass. 1996) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). There is a strong presumption in favor of the plaintiff's choice of forum. Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001). The moving party "must establish that private and public interests weigh heavily on the side of trial" in the alternative forum. Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 424 (1st Cir. 1991) (citations omitted). "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred . . . ." Cainbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

### III. Factual Background and Procedural History

#### A. Allegations in the Complaint

Between June 26, 2012 and August 6, 2013, the United States Patent and Trademark Office ("PTO") issued United States Patent Nos. 8,504,628 ("the '628 patent"), 8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent") and 8,468,199 ("the '199 patent") (collectively, the "patents-in-suit"). D. 1 at ¶¶ 1, 11–14. At the time of issue, the '628, '913 and '389 patents were assigned to RPC. Id. at ¶¶ 11–13; Exhs. B, C, D. At the time of issue, the '199 patent was assigned to RPI. D. 1 at ¶ 14. Sophos alleges that RPC "has right, title, and interest in the '628, '913 and '389 patents" and that RPI "has right, title, and interest in the '199 patent." D. 1 at ¶¶ 16–17.

On October 16, 2013, RPH sent a letter to Sophos alleging that certain Sophos products infringed the patents-in-suit. Id. at ¶¶ 18–19. In response, Sophos filed this action on November 12, 2013, seeking a declaratory judgment for patent noninfringement and invalidity with respect to the patents-in-suit. Id. at 11.

### C. RPH and RPC's Patent Infringement Actions in the Eastern District of Texas and Northern District of California

RPH and RPC are currently plaintiffs in numerous patent infringement cases pending in the Eastern District of Texas (Gilstrap, J.). D. 25 at 8–10, 14. Some of these lawsuits involve the '389 and '913 patents at issue here. Id. Further, the Eastern District of Texas has construed some terms relevant to the patents-in-suit. See id. Sophos is a defendant in one such action filed on November 13, 2013, the day after this lawsuit was filed. RPost Holdings, Inc. v. Sophos, Inc., 2:13-cv-959-JRG. Judge Gilstrap consolidated three of RPH and RPC's actions in the Eastern District of Texas and has stayed the actions pending the outcome of a related case in California. See RPost Holdings, et al. v. Epsilon Data Mgmt., LLC, et al., No. 2:12-cv-00511-JRG, D. 79 (E.D. Tex. Jan. 30, 2014). Judge Gilstrap stayed the actions because the outcome of the related case could "have a considerable impact on Plaintiffs' standing to sue in each of the above actions." Id. at 11.

RPH and RPC are also defendants in a pending case in California, Trend Micro, Inc. v. RPost Holdings, Inc. et al., No. 13-cv-05227-WHO (N.D. Cal.), in which the court recently denied Defendants' motion to transfer that matter to the Eastern District of Texas "because Trend Micro was the first to file suit and the convenience factors weigh[ed] in favor of litigation in this District." Trend Micro Inc. v. RPost Holdings, Inc., No. 13-CV-05227-WHO, 2014 WL 1365491, at *1 (N.D. Cal. Apr. 7, 2014).

3

### D. Procedural History of This Matter

Sophos filed this action on November 13, 2013. D. 1. RPH moved to transfer this action on January 13, 2014. D. 24. RPC and RPI moved to dismiss this action on January 23, 2014. D. 27. RPC and RPI moved to transfer this action on February 13, 2014. D. 34. RPC and RPI withdrew the portion of its motion addressing insufficient service of process on May 2, 2014. D. 47. Sophos voluntarily dismissed its claims against RPI on May 8, 2014. D. 48. The Court heard oral argument on the pending motions on May 13, 2014 and took them under advisement. D. 50. On the same day, the Court denied as moot Defendants' motion to dismiss. D. 49.

## IV. Discussion

### A. Defendants Have Failed to Meet Their Burden to Transfer this Action

Defendants have moved to transfer this action to the Eastern District of Texas under 28 U.S.C. § 1404(a). D. 24; D. 34. In evaluating this motion, the Court must consider whether the outcome is dictated by the first-filed rule and whether the convenience factors of § 1404(a) favor transferring the action to the Eastern District of Texas.

#### 1. *Sophos Filed the Instant Action First*

The parties disagree over whether this Court should apply the first-filed rule. Sophos argues that the first-filed rule applies because it filed this action a day before Defendants filed their action in the Eastern District of Texas. D. 29 at 2, 5. Sophos further contends that Defendants filed their action in response to Sophos's action for declaratory judgment in this Court and, therefore, this is exactly the type of situation that the first-filed rule is intended to govern. Id. at 2. Defendants argue that the first-filed rule should not apply because they filed their action in the Eastern District of Texas only one day after Sophos filed in this Court, and

because judicial economy and the convenience factors favor litigating Sophos's claims in the Eastern District of Texas. D. 25 at 2-3, 8.

"Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran–Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). The first-filed rule applies in duplicative patent cases. See Genentech, Inc. v. Eli Lilly Co., 998 F.2d 931, 937-39 (Fed. Cir. 1993). The parties do not dispute that the issues and parties involved in both this lawsuit and the Defendants' action in the Eastern District of Texas are identical, making this the type of suit to which the first-filed rule normally would apply. Instead, Defendants argue that because they intended to file its action in the Eastern District of Texas on the same day as Sophos, but were prevented from doing so by "computer problems," this Court should not follow the first-filed rule in this case. D. 25 at 8. Defendants cite no case law in support of this proposition. Defendants do not contend that they initiated their filing before Sophos filed this complaint, or that but-for the computer glitch the Defendants' complaint would have been the first-filed. Moreover, the mere passage of a single day is enough to trigger the first-filed rule. See Veryfine Prods., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 26 (D. Mass. 2000) (denying motion to transfer where defendant filed duplicative lawsuit one day after plaintiff).

There are exceptions to the first-filed rule, including exceptions for "special circumstances" justifying a transfer, such as where one party misleads another to win a "race to the courthouse," or where the balance of convenience substantially favors the second-filed action. See EMC Corp. v. Parallel Iron, LLC, 914 F. Supp. 2d 125, 127 (D. Mass. 2012). Here, where Defendants do not contend that Sophos misled them, the Court focuses on the "balance of convenience," id., and the related factors courts use to apply 28 U.S.C. § 1404(a).

## 2. The Section 1404(a) Factors Do Not Weigh in Favor of Transfer

Defendants argue that judicial economy and the interests of justice favor transferring this case to the Eastern District of Texas where Defendants have at least nine other actions pending, some of which involve some of the patents-in-suit. D. 25 at 8-10. Defendants have made no claim that they are not amenable to personal jurisdiction in Massachusetts.

As discussed above, there is a strong presumption in favor of a plaintiff's choice of forum. See Sigros, 129 F. Supp. 2d at 71. Further, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); see also Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) (stating that "[i]n any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown").

As an initial matter, it is clear that the strong presumption in favor of Sophos's choice of forum applies here as Massachusetts is Sophos's home forum. For the same reasons, the convenience factors weigh against transfer. Sophos has a significant presence in this district with numerous potential witnesses living or working here. D. 29 at 3. By contrast, RPH—a Delaware corporation—has a single office in the Eastern District of Texas with no full-time employees there. D. 25 at 3, 11. RPH states that most of its witnesses are located in Los Angeles, California. Id. at 12. Of the party witnesses identified by Defendants, one lives in the Northern District of Texas and two live in Los Angeles, California. D. 35 at 1. Both parties have identified third-party witnesses residing in or near[2] their forum of choice, making neither

---

[2] At oral argument, Defendants did not dispute Sophos's position that Defendants had identified witnesses in Dallas, Texas, which is located in the Northern District of Texas, but none within the Eastern District.

forum significantly more convenient than the other in this regard. D. 25 at 13; D. 29 at 14. Even assuming that litigating in the Eastern District of Texas would be more convenient for Defendants' witnesses, the Eastern District of Texas would certainly be less convenient for Sophos's witnesses and "transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000).

Similarly, the ease of access to evidence weighs against transfer. RPC contends that most of their relevant documents are located in Bermuda or Los Angeles, including the only specific evidence identified by RPC—source code related to the patented products. D. 35 at 1. Defendants claim that it maintains documents at its Plano, Texas office including "relevant marketing and sales information" may be used to support their claims, though they do not explain why these documents are relevant. D. 25-4 ¶ 9. Sophos states that the bulk of its evidence will come from its headquarters in Burlington, Massachusetts. D. 29 at 14. Again, even assuming that the Eastern District of Texas is more convenient for Defendants' production of evidence, the mere shifting of convenience from one party to another, particularly when the plaintiff chooses its home forum, is not appropriate here. See Kleinerman, 107 F. Supp. 2d at 125. In addition, given that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," transfer is inappropriate where Sophos – a Massachusetts company – is the accused infringer. In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009).

It is true that as a practical matter Judge Gilstrap may have significant expertise with some of Defendants' patents and may eventually construe two of the patents-in-suit, but this hardly overcomes the presumption against transfer in this case. See Kleinerman, 107 F. Supp. 2d

at 126 (denying transfer because judicial economy "[did] not eclipse [plaintiff's] choice" of forum). Further, RPH and RPC have at least one other action pending in this forum. Yesware, Inc. v. RPost Holdings, Inc. et al., No. 13-cv-12837-RGS (D. Mass. Nov. 8, 2013). In addition, although judicial economy is important, another court's construction of the claims that may eventually be at issue in this case does not militate in favor of transfer, where the principle of collateral estoppel may apply or, at a minimum, another judge's claim construction may be cited as persuasive authority to this Court.

The court's decision in the related Trend Micro case is also instructive here. In Trend Micro, Defendants and related entities moved to transfer that case to the Eastern District of Texas, despite the fact that Trend Micro was filed first. Trend Micro, 2014 WL 1365491, at *8. The Court concluded not only that its case was filed before the related Texas cases, but also that the balance of convenience did not warrant upsetting Trend Micro's choice of forum. Id., at *11. First, the court noted that Trend Micro's decision to bring suit in its home forum was entitled to substantial weight. Id., at *10. The same is true here. Second, the court noted that Defendants have identified no witnesses who live in the Eastern District of Texas. Id. The same is true here, where Defendants have identified only a witness living in a judicial district adjacent to the Eastern District of Texas. Third, the Court noted that most evidence is located in California and not in Texas. Id. That is true here, where Sophos is headquartered in Massachusetts and Defendants have only an office in Texas without any full-time employees, a fact that the Trend Micro court also considered. Id. Finally, the Trend Micro court rejected Defendants' efficiency argument, noting that Judge Gilstrap has not yet construed certain patents and has stayed actions pertaining to other patents, suggesting that he will likely never construe claim terms in those patents that are implicated in the stayed actions. Id., at *11. At base, Defendants argue that

consolidation of this matter with one another will mean that one less judge will need to construe the claims at issue in this case. The Court, however, is not persuaded by this argument where the parties in many, if not most, of the pending actions have not even identified which claims of the patents-in-suit require construction. In addition, the Court cannot say with certainty that transfer would decrease the number of forums in which Defendants will litigate the patents-in-suit, where Defendants are involved in another related litigation in this district. See Yesware, Inc. v. RPost Holdings, Inc. et al., No. 13-cv-12837-RGS.[3]

Ultimately, Defendants have failed to make the showing of inconvenience necessary to warrant upsetting Sophos's choice of its home forum where it filed first.

## V. Conclusion

For the foregoing reasons, Defendants' motions to transfer to the Eastern District of Texas, D. 24, 34, are DENIED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] At oral argument, Defendants cited In re Volkswagen of Am., Inc., 566 F.3d 1349 (Fed. Cir. 2009), which they believed was instructive here. In re Volkswagen, however, is distinguishable and does not support Defendants' position. That case addressed a petition for a writ of mandamus putatively directing the district court to vacate an order denying a motion to transfer venue, which the Federal Circuit declined to do. Id. at 1352. Accordingly, not only was the court faced with an extremely deferential standard of review, but it allowed the plaintiff to pursue its case in its chosen forum.