UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOPHOS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 13-12856-DJC |
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LTD., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                      December 30, 2014

### Introduction

Defendants RPost Communications, Ltd. and RPost Holdings, Inc. (collectively, "RPost") move to dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, asks this Court to decline, in its discretion, to adjudicate this claim, under the Declaratory Judgment Act. D. 62. For the reasons discussed below, the Court DENIES the motion.

### Relevant Background

On November 12, 2013, Plaintiff Sophos, Inc. ("Sophos") filed this action seeking a declaratory judgment that it does not infringe the patents at issue on the heels of receiving notice from RPost that its products and services "infringe certain patents owned by RPost." D. 1; D. 1-1 at 2. In the wake of the filing of this lawsuit by Sophos, RPost filed a patent infringement suit against Sophos in the Eastern District of Texas. The Court subsequently denied RPost's motion to transfer the instant case to the Eastern District of Texas, D. 53, and the Texas action was

1

transferred to this Court according to the first-to-file rule. RPost Holdings, Inc. v. Sophos, Inc., 14-cv-13628-DJC, D. 42, 46. In July 2014, Sophos moved to stay this action pending the resolution of litigation in California concerning ownership of the patents at issue. D. 56. RPost subsequently filed the instant motion to dismiss. D. 62. The Court has denied the motion to stay, D. 69, and now turns to RPost's motion to dismiss.

## Discussion

*1. Addressing Ripeness*

Here, Sophos seeks a declaratory judgment about the patents at issue. RPost contends first that there is no ripe controversy and, therefore, the Court lacks subject matter jurisdiction to hear this case. "Ripeness is an Article III jurisdictional requirement" and a court may not grant a declaratory judgment unless the plaintiff's request "arise[s] in a context of a controversy ripe for judicial resolution." Verizon New England, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 2322, 651 F.3d 176, 188 (1st Cir. 2011). An issue of ripeness is "gauged by means of a two-part test." Ernst & Young v. Depositors Econ. Protection Corp., 45 F.3d 530, 535 (1st Cir. 1995). "First, the court must consider whether the issue presented is fit for review . . . .[which] typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." Id. The second inquiry considers "the extent to which hardship loom—an inquiry that typically 'turns upon whether the challenged action creates a 'direct and immediate' dilemma for the parties.'" Id. (citation omitted).

RPost contends that this matter is not ripe for review because: (1) Sophos has failed to allege affirmatively that RPost owns the patents-in suit; and (2) Sophos's recent request for a stay pending the outcome of the ongoing patent ownership dispute in California indicates the

plaintiff's acknowledgement that this matter is not ripe for review.  D. 74 at 2-3.  As to the first contention, Sophos has alleged plausibly that the Defendants own the patents at issue, even as such ownership is a matter of dispute and the subject of ongoing litigation in California.  See  D. 1 ¶¶ 11-16; D. 1-2 at 2; D. 1-3 at 2; D. 1-4 at 2; D. 1-5 at 2.  It remains the case that the Defendants claim ownership of the patents and put Sophos on notice of its alleged infringement and Sophos, in turn, filed this suit for declaratory judgment that it has not so infringed.

That is, there exists a case or controversy and a declaratory judgment would finally and conclusively resolve the question of whether Sophos infringes the patents in question, patents over which RPost has continuously asserted ownership.  See Vink v. Hendrikus Johannes Schijf Rolkan N.V., 839 F.2d 676, 679 (Fed. Cir. 1988) (reversing a Fed. R. Civ. P. 12(b)(1) dismissal of a declaratory judgment action because "[t]he ownership issue raised by [the movant] must, in the procedural posture of this case, be considered merely as a defense not affecting the district court's jurisdiction" where the plaintiff had alleged that he owned the patent and that the defendant had infringed that patent).

As to fitness, for the reasons discussed above, a judicial determination will be final and definitive as to whether Sophos infringed on the patents.  As to hardship, that Sophos's alleged infringement creates a "direct and immediate dilemma" is apparent from the claim infringement notice sent by RPost.  RPost is incorrect that Sophos's claims "squarely involve 'uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all,'" as the events giving rise to the suit occurred as a result of Sophos's alleged infringement.  D. 74 at 3 (quoting Ernst & Young, 45 F.3d at 536).

Second, Sophos's motion to stay this action, during the pendency of the California litigation regarding patent ownership, does not amount to an admission that this matter is not

ripe. The motion to stay (denied by this Court) was, as posited by Sophos, an attempt to conserve resources while that litigation continued. It does not alter the fact that this matter is ripe because of RPost's alleged actions (i.e., putting Sophos on notice of its infringement of its patents) and continuing to assert an ownership in those patents, including the initiation and litigation of the infringement case against Sophos originally filed in the Eastern District of Texas.

*2. Addressing Discretionary Authority to Dismiss*

Should the Court not dismiss based on lack of subject matter jurisdiction, RPost alternatively requests dismissal pursuant to the Court's discretionary authority under the Declaratory Judgment Act. D. 63 at 7-8. The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations and quotation omitted). Thus, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288. Here, a declaratory judgment would relieve Sophos of uncertainty as to any infringement of the Defendants' patents and the Court declines RPost's invitation to decline to adjudicate this matter under the Declaratory Judgment Act.

## **Conclusion**

For the aforementioned reasons, RPost's motion to dismiss, D. 62, is DENIED.

**So Ordered.**

                                                          <u>/s/ Denise J. Casper</u>
                                                          United States District Judge